**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROGER LEE SMITH, | |
| Petitioner, | Civil Action No. 23-3202 (KMW) |
| v. | **OPINION** |
| WARDEN STEVIE M. KNIGHT, | |
| Respondent. | |

**WILLIAMS**, District Judge:

This matter comes before the Court on the petition for a writ of habeas corpus filed by Petitioner Roger Lee Smith pursuant to 28 U.S.C. § 2241. (ECF No. 1.) Following an order to answer, the Government filed a response to the petition (ECF No. 6), to which Petitioner did not reply. (ECF Docket Sheet.) For the following reasons, this Court will dismiss the petition.

**I.     BACKGROUND**

Petitioner is a federal prisoner currently serving a sentence arising out of his guilty plea to charges related to a bank robbery in the early 1990s. (ECF No. 1 at 1.) In his petition, Petitioner asserts that his conviction for a violation of 18 U.S.C. § 924(c) is no longer lawful in light of the Supreme Court's decision in *United States v. Taylor*, 596 U.S. 845 (2022). Petitioner therefore seeks to have his § 924(c) conviction vacated. (*See* ECF No. 1.)

Petitioner's current habeas petition is not his first attempt at challenging his conviction. In 1993, Petitioner filed a motion to vacate his sentence under 28 U.S.C. § 2255, which was denied.

(ECF No. 1 at 12.) In April 2019, Petitioner filed a challenge to his § 924(c) conviction in the form of a habeas petition in the Northern District of West Virginia, which was dismissed. *See Smith v. Gomez*, No. 19-145, 2019 WL 1930128 (N.D.W. Va. Apr. 30), *aff'd*, 780 F. App'x 65 (4th Cir. 2019). Petitioner now seeks to challenge his conviction through this habeas petition in light of *Taylor*.

## II. LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

## III. DISCUSSION

In his current petition, Petitioner seeks to challenge his § 924(c) conviction pursuant to *Taylor*, alleging that his predicate offense no longer qualifies as a requisite crime of violence. While a § 2241 habeas petition may properly be used to challenge the execution of a criminal sentence, such a petition may normally not be used to challenge the validity of the conviction or sentence themselves. *See, e.g., Coady v. Vaughn*, 251 F.3d 480, 485-86 (3d Cir. 2001). Generally, a federal prisoner seeking to challenge his conviction or sentence must do so through "a motion filed under 28 U.S.C. § 2255 in the sentencing court." *Rodriguez v. Warden Lewisburg USP*, 645 F. App'x 110, 112 (3d Cir. 2016) (citing *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002)).

While various Courts of Appeals had previously permitted prisoners to challenge their convictions under § 2241 in very limited circumstances, the United States Supreme Court recently overruled these decisions, holding that a prisoner may not resort to challenging his conviction through a § 2241 petition unless "unusual circumstances make it [essentially] impossible . . . to seek relief in the sentencing court" such as where the sentencing court no longer exists. *See Jones v. Hendrix*, 599 U.S. 465, 475-79 (2023). As a result, so long as it is not essentially impossible to pursue a § 2255 motion at all, federal law requires a Petitioner to challenge his conviction only through a motion brought pursuant to 28 U.S.C. § 2255, regardless of whether the petitioner can meet that statute's gatekeeping restrictions. *Id.* at 477-79. That a petitioner may be procedurally barred – such as through § 2255's time bar or the restriction on successive motions to vacate sentence serves as no basis for resorting to § 2241. *Id.*; *see also Voneida v. Jones*, 88 F.4th 233, 237-38 (3d Cir. 2023). Where a prisoner files a habeas petition pursuant to § 2241 challenging his conviction and it is not essentially impossible for him to resort to § 2255, the habeas court will lack jurisdiction over the petition and must dismiss it for lack of jurisdiction. *Voneida*, 88 F.4th at 238.

In this matter, it is not essentially impossible for Petitioner to seek relief under § 2255, instead Petitioner merely cannot meet the statute's strict timeliness requirements and its prohibition on second or successive motions filed without leave of the sentencing court. Petitioner may therefore not resort to a § 2241 habeas petition to bring his claims. *Jones*, 599 U.S. at 477-79; *Voneida*, 88 F.4th at 237-38. Thus, this Court has no jurisdiction over this matter as the only Court having jurisdiction over Petitioner's claims would be his sentencing court. *Id.* To the extent Petitioner wishes to pursue his claims, he must do so by filing a petition for leave to file a second

or successive habeas petition with the Fourth Circuit Court of Appeals. Therefore, Petitioner's habeas petition is dismissed without prejudice for lack of jurisdiction.[1]

IV. **CONCLUSION**

In conclusion, Petitioner's habeas petition (ECF No. 1) is dismissed without prejudice for lack of jurisdiction. An order consistent with this Opinion will be entered.

*[signature]*

Hon. Karen M. Williams,
United States District Judge

---

[1] This Court finds that a transfer to the Fourth Circuit would not be in the interests of justice in this matter as *Taylor* "addressed a question of statutory interpretation, not a new rule of constitutional law," *see In re Andrews*, No. 23-1167, 2024 WL 467521 at *2 (3d Cir. Feb. 7, 2024), and a *Taylor* claim thus does not *prima facie* meet the standards which would permit him to be granted leave to file a second or successive habeas petition. *See, e.g., United States v. Hawkins*, 614 F. App'x 580, 582 (3d Cir. 2015) (transfer only warranted where the petition sets forth a *prima facie* basis for relief).